# UNITED STATES DISTRICT COURT
Western District of Kentucky
Bowling Green Division

| | |
|---|---|
| Christopher Shaw<br>*Plaintiff*<br><br>v.<br><br>Service One Credit Union, Inc.<br>*Defendant*<br>Serve:<br>    Rebecca S. Stone<br>    1609 Campbell Lane<br>    P. O. Box 51770<br>    Bowling Green, KY 42102 | Case No.   1:22-CV-89-GNS |

## CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is a consumer class action brought by Plaintiff Christopher Shaw as a consumer against Defendant Service One Credit Union, Inc. ("Service One") seeking damages for Service One's violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §1640 *et seq.*; the Kentucky Consumer Protection Act ("KCPA"), KRS 367.110 *et seq.*, which declares "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce" to be "unlawful"; and Kentucky's revolving credit statutes. KRS 286.3-710 *et seq.*

2. Plaintiff Christopher Shaw brings this action individually on behalf of himself and as a proposed class action on behalf of all other Kentucky consumers similarly situated for damages caused by Service One's unlawful conduct.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 28 U.S.C. §1331 and the Truth in Lending

Act, 15 U.S.C. §1640. Mr. Shaw respectfully requests that the Court take supplemental jurisdiction of his interrelated state-law claims pursuant to 28 U.S.C. §1367. Venue is proper because the nucleus of relevant facts and events giving rise to the claims of Mr. Shaw occurred in Warren County, Kentucky where Mr. Shaw resides, and which is located within this Circuit.

## PARTIES

4.     Plaintiff Christopher Shaw is a natural person who resides in Warren County, Kentucky, a "debtor" within the meaning of KRS 286.3-710(3), and a "person" within the meaning of TILA, 15 U.S.C. §1602(e) and the KCPA, KRS 367.110(1).

5.     Defendant Service One Credit Union, Inc. ("Service One") is a Kentucky credit union regulated by the National Credit Union Administration whose headquarters is located at 1609 Campbell Lane, P.O. Box 51170, Bowling Green, KY 42102.

6.     At all times relevant hereto, Service One regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable, making Service One a creditor within the meaning of TILA, 15 U.S.C. §1602(g) and Regulation Z, 12 CFR §1026.2(a)(17). Under the facts of this case, Service One is also a "bank" within the meaning of KRS 286.3-710(1) and a "person" within the meaning of the KCPA, 367.110(1).

## STATEMENT OF FACTS

6.     On or about December 2, 2021, Mr. Shaw applied and was approved for a Visa credit card from Defendant Service One Credit Union, Inc. ("Service One"), which transaction is a consumer credit transaction within the meaning of TILA, 15 U.S.C. §1602 and Regulation Z, §1026.2.

7. A true and accurate copy of Mr. Shaw's credit card application is attached as Exhibit "A."

## I. Facts Concerning the KCPA and Violation of Statutes

8. Service One issued Mr. Shaw a Visa credit card, which Mr. Shaw used solely for personal, family, and household purposes.

9. The application for and issuance of the Service One credit card constitutes "trade" or "commerce" within the meaning of the KCPA.

10. Service One is headquartered in Kentucky.

11. Consequently, the rates, charges, and fees that Service One is permitted to apply to its credit card agreements issued to consumers is controlled by Kentucky's revolving credit plan statutes, KRS 286.3-710 *et seq.*[1]

12. KRS 286.3-740 limits the interest rate that Service One can charge to "one and three-fourths percent (1.75%) per month", or 21% per annum.

13. KRS 286.3-750 permits Service One to include the additional fees and charges:

> In addition to the charges provided in KRS 286.3-740, a revolving credit plan may provide for the collection of fees not to exceed twenty dollars ($20) annually, and in addition, the following enumerated fees, charges and costs:
>
>> (1) Delinquency charges not to exceed five dollars ($5) each month if payments required by the plan are not made when due;

---

[1] Service One is chartered as a credit union under Kentucky law. Credit unions are governed by a separate section of the Kentucky financial services code (KRS 286.6-005 *et seq.*) than the one which governs banks (KRS 286.3-010 *et seq.*) The revolving credit plan statutes are contained within the chapter of the code governing banks, not credit unions. As the credit union statutes are silent as to credit unions' issuance of credit card accounts or other revolving credit plans, Service One was acting as a bank within the meaning of KRS 286.3-710(1) in its issuance of the Visa credit card account to Mr. Shaw.

>   (2) All fees and closing costs incurred in connection with the taking of a mortgage on real estate if bona fide and not retained by the bank; and
>
>   (3) Reasonable attorney's fees and court costs provided that the account is referred to an attorney not a salaried employee of the bank or holder for collection.

14. The interest and other charges, costs, and fees are all that Service One is permitted to charge under Kentucky law:

>   Except as provided in KRS 286.3-710 to 286.3-770, **no further amounts shall be directly or indirectly charged**, contracted for, or received by the bank for the extension of credit or the forbearance of collection of debt pursuant to any revolving credit plan or any extension of credit thereunder.

Bolding and underling omitted.

15. The Service One credit card application includes several fees that are either not permitted by Kentucky law or exceed the amount permitted by law. The Service One credit card agreement included charges for the following:

**Other Fees & Disclosures:**
Late Payment Fee:
$19.75 or the amount of the required minimum payment, whichever is less, if you are one or more days late in making a payment.

Returned Payment Fee:
$19.75 or the amount of the required minimum payment, whichever is less.

Pay-by-Phone Fee:
$5.00.

16. The $19.75 late payment fee grossly exceeds the $5.00 late payment fee permitted by KRS 286.3-750.

17. Neither the $19.75 returned-payment fee nor the $5.00 pay-by-phone fee is permitted by KRS 286.3-710 to 286.3-770.

18. The late-payment fee, the returned-payment fee, and the pay-by-phone fee all constitute "interest" under the applicable definitions.

19. Under Kentucky law, charging interest that exceeds that permitted by statute waives the creditor's right to recover any interest from the debtor.

20. Charging fees and costs not permitted by statute violates the KCPA.

21. Charging usurious interest violates the KCPA.

## II. Facts Concerning TILA

### A. Unreasonable Fees

22. 15 U.S.C. § 1665d(a) provides:

> The amount of any penalty fee or charge that a card issuer may impose with respect to a credit card account under an open end consumer credit plan in connection with any omission with respect to, or violation of, the cardholder agreement, including any late payment fee, over-the-limit fee, or any other penalty fee or charge, shall be reasonable and proportional to such omission or violation.

23. As explained above, Service One is a Kentucky-based credit union. Consequently, the credit cards it issues are subject to the limitations imposed by Kentucky's revolving credit statutes.

24. KRS 286.3-750(1) permits Service One to charge a late fee of no more than $5.00. The $5.00 limit constitutes a legislative decision as to what a reasonable late fee for a credit card account would be.

25. Therefore, the $19.95 late fee in the Service One VISA credit card agreement and application is *per se* unreasonable. (NOTE: Since Mr. Shaw applied for and was issued a VISA credit card by Service One, the late fee has increased to $28.95).

26. Kentucky's revolving credit statutes do not permit the imposition of a returned-payment fee.

27. Therefore, the $19.95 returned-payment fee in the Service One VISA credit card agreement and application is *per se* unreasonable. (NOTE: Since Mr. Shaw applied for and was issued a VISA credit card by Service One, the returned-payment fee has increased to $28.95).

**B.     The Pay-by-Phone Fee**

28. 15 U.S.C. § 1637(l) provides:

> With respect to a credit card account under an open end consumer credit plan, the creditor may not impose a separate fee to allow the obligor to repay an extension of credit or finance charge, whether such repayment is made by mail, electronic transfer, telephone authorization, or other means, unless such payment involves an expedited service by a service representative of the creditor.

29. The Service One credit card agreement provides for a $5.00 pay-by-phone fee.

30. The pay-by-phone fee is not for an expedited service.

31. Service One violated TILA by imposing unreasonable fees and by imposing a pay-by-phone fee that does not comply with 15 U.S.C. § 1637(l).

## INDIVIDUAL CLAIMS FOR RELIEF

**COUNT I:     Violations of the KCPA**

32. Plaintiff incorporates all paragraphs pleaded *supra* as if fully set out herein.

33. The foregoing acts and omissions of Defendant Service One Credit Union, Inc. ("Service One") violate the KCPA.

34. The issuance of the Service One credit card to Mr. Shaw constitutes "trade" and "commerce" within the meaning for the KCPA.

35. Mr. Shaw used his Service One credit card exclusively for personal, family, and/or household purposes.

36. Charging, collecting, and attempting to collect fees from Mr. Shaw not permitted by law is an unfair, false, misleading, or deceptive act or practice in the conduct of any trade or

commerce that is unlawful under KRS 367.170.

37.    Charging, collecting, and attempting to usurious interest from Mr. Shaw is an unfair, false, misleading, or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

38.    Mr. Shaw is a natural person within the meaning of the KCPA.

39.    Mr. Shaw suffered real and ascertainable losses from Service One's violations of the KCPA, including but not limited being charged fees and costs not permitted by law.

40.    Mr. Shaw has a claim against Service One under KRS 367.220, which gives him the right to recover his ascertainable damages, plus his costs, plus reasonable attorney's fees to be determined by the Court, and punitive damages. Mr. Shaw and the members of the proposed class used the funds obtained from the secured loans from Service One exclusively for personal, family and/or household purposes.

41.    Mr. Shaw and the members of the proposed class are natural persons within the meaning of the KCPA who suffered real and ascertainable losses from Service One's violations of the KCPA including, but not limited to, being charged and paying for charges, fees, and costs not permitted by law.

42.    Mr. Shaw and/or the members of the proposed class have a claim against Service One under KRS 367.220 to recover ascertainable damages, plus costs, plus reasonable attorney's fees to be determined by the Court, and punitive damages.

**COUNT II:   Violation of Statute**

43.    KRS 446.070 provides that "[a] person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation."

44. Service One violated KRS 286.3-750(1) by

    **(i)** charging and imposing a late-fee charge of $19.95 and/or $28.95 that grossly exceeds the $5.00 limit under Kentucky law;

    **(ii)** charging and imposing a returned-payment fee of $19.95 and/or $28.95 that is not permitted under Kentucky law; and

    **(iii)** charging and imposing a $5.00 pay-by-phone fee that is not permitted under Kentucky law

45. Mr. Shaw and/or the members of the proposed class have a claim against Service One under KRS 446.070 to recover his and their actual damages plus costs.

**COUNT III:  Violation of TILA**

46. 15 U.S.C. § 1665d(a) provides that any penalty or fee included as part of an open-end credit agreement must be reasonable.

47. The Kentucky legislature has determined that a reasonable late fee for a credit card originated in the Commonwealth should not exceed $5.00.

48. Service One's credit card agreements include late fees of $19.95 and $28.95, which are unreasonable *per se*.

49. Kentucky's revolving credit statutes do not permit returned-payment fees.

50. Service One's credit card agreements include returned-payment fees of $19.95 and $28.95, which are unreasonable *per se*.

51. 15 U.S.C. § 1637(l) limits pay-to-pay fees to fees incurred for expedited payment via a creditor's service representative.

52. Service One's credit card agreements include a $5.00 pay-by-phone fee, which is not limited to just expediated payments.

53. Pursuant to 15 U.S.C. § 1640(a), Plaintiff brings this claim on his own behalf, and on behalf of the Class defined above, to recover his and the Class's actual financial damages, plus

statutory damages in the aggregate amount of $1,000.000, plus his costs of this action and reasonable attorneys' fees and expenses incurred therein.

## CLASS ALLEGATIONS

54. Plaintiff incorporates all paragraphs pleaded *supra* as if fully set out under this Count III.

55. Plaintiff Christopher Shaw brings his claims alleged in this action against Defendant Service One Credit Union, Inc. ("Service One") as a proposed class action on behalf of all persons in the Commonwealth of Kentucky similarly situated to Plaintiff comprised of the following persons:

**CLASSES:**

    **CLASS ONE:**    **Kentucky Consumers**

    **Sub-Class A:  Violation of the KCPA**

56. All Kentucky persons/consumers within the two (2) year period prior to the date of filing of this action by Mr. Shaw who:

    **A.**    Applied for and received a credit card account from Service One;

**AND**

    **B.**    Against whom Service One added fees, charges, and costs to the consumer's credit card account that are not permitted by Kentucky law.

    **Sub-Class B:  Violation of Statute**

57. All Kentucky persons/consumers within the five-year period prior to the date of filing of this action by Mr. Shaw who:

    **A.**    Applied for and received a credit card account from Service One;

    **AND**

    **B.**    From whom Service One collected, received, and/or otherwise recovered fees, charges, and costs from the consumer that are not permitted by Kentucky law.

    **CLASS TWO:**    **Nationwide Consumers**

**Violation of TILA**

58.    All U.S. consumers who within one-year period prior to the date of filing of this action by Mr. Shaw who:

    **A.**    Applied for and received a credit card account from Service One;

    **AND**

    **B.**    From whom Service One collected, received, and/or otherwise recovered late fees, returned-payment fees, and/or pay-by-phone fees that are not permitted by Kentucky law.

59.    All of the proposed Classes as set out *supra* and represented by Christopher Shaw in this action, of which he himself is a member, consists of those persons as defined and which members of the proposed Classes are so numerous that joinder as parties of individual members is impracticable.

60.    Plaintiff's claims are typical of the claims of the proposed Classes as set out *supra*.\

61.    There are common questions of law and fact applicable to the members of the proposed Classes in this action that relate to and affect the rights of each member of the proposed Classes, and the relief sought is common to the entire proposed class because all members of the proposed Classes have the same issues of law in common as alleged *supra* for each Count of this action.

62.    There is no known conflict between Plaintiff and any other members of the proposed Classes with respect to this action, or with respect to the claims for relief herein set forth.

63.    Plaintiff is the representative party for the proposed Classes, able to and will, fairly

and adequately protect the interest of each of the proposed Classes.

64. Plaintiff's attorneys are experienced and capable in the field of consumer rights, including KCPA violations.

65. Plaintiff's attorneys have successfully represented other claimants in similar litigation.

66. The action is properly maintained as a class action in that the prosecution of separate actions by individual members of the proposed Classes would create a risk that individual adjudications could be dispositive of the interests of other members not a party to such adjudication or could substantially impair or impede their ability to protect their interest.

67. This action is properly maintained as a class action because the prosecution of separate actions by individual members of the proposed Classes would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendants.

68. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the proposed class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the proposed Classes will be effective and appropriate for the entirety of each proposed class; and all members of the proposed Classes have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

69. The identity of each individual member of the proposed Classes can be ascertained from the books and records maintained by Defendant.

70. Because many of the persons who comprise the proposed class in this case may not be aware of their rights, or may not be in a financial position to readily assert their rights, and

because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Christopher Shaw requests the Court grant the following relief:

1. Award Plaintiff and all members of the proposed Classes their actual damages;

2. Strip all interest and unlawful charges from the credit card accounts of all members of Class One;

3. Award the members of Class One twice the amount of any unlawful fees, costs, or charges recovered by Service One within two years of the filing of this action;

4. Award the members of Class Two collectively maximum statutory damages of $1,000,000 under TILA;

5. Award punitive damages against Service One to Plaintiff and the members of Class One for Service One's violations of the KCPA;

6. Award Plaintiff and all members of both Classes attorney's fees, litigation expenses and costs;

7. A trial by jury; and

8. Any other relief to which Plaintiff and both Classes may be entitled.

Submitted by:

/s/ James H. Lawson
James H. Lawson, KBA 86930
*Lawson at Law, PLLC*
P.O. Box 1286
Shelbyville, KY 40066
Tel:  (502) 473-6525
Fax:  (502) 473-6561

james@kyconsumerlaw.com
*Co-counsel for Plaintiff*
*Christopher Shaw*

James R. McKenzie, KBA 81957
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:    (502) 371-2179
Fax:    (502) 257-7309
jmckenzie@jmckenzielaw.com
*Co-counsel for Plaintiff*
*Christopher Shaw*