UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:22-CV-00089-GNS

CHRISTOPHER SHAW                                                                                        PLAINTIFF

v.

SERVICE ONE CREDIT UNION, INC.                                                           DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 22). The motion is ripe for adjudication. For the reasons discussed below, the motion is **GRANTED**.

**I.      SUMMARY OF THE FACTS**

Plaintiff Christopher Shaw ("Shaw") was approved for a credit card by Defendant Service One Credit Union, Inc. ("Service One"). (Am. Compl. ¶ 6, DN 17). Thereafter, Shaw made a cash advance to himself of $9900, repaid $149, and made two more cash advances totaling $880. (Brown Aff. Ex. A, at 1-8, DN 22-2 [hereinafter Acct. Statements]).[1] Shaw ultimately defaulted on his account because he made no further payments, thereby also accruing late fees. (Acct. Statements 9-16; Am. Compl. ¶ 10). Service One charged off Shaw's negative balance of $10,873.44 and filed an action in Warren (Kentucky) Circuit Court to collect the debt. (Acct. Statements 15; Am. Compl. ¶ 10; *see* Am. Compl. Ex. B, DN 17-2).

---

[1] Courts may consider documents outside the complaint at the motion to dismiss stage, if they are "referred to in the pleadings and [] integral to the claims," public records, or otherwise appropriate for judicial notice. *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007) (citation omitted); *Carr v. Louisville-Jefferson Cnty., Ky. Metro Gov't*, 37 F.4th 389, 392 (6th Cir. 2022) (citation omitted). The Amended Complaint contains portions of Shaw's account statements, while Service One proffered all the statements in its motion to dismiss. (Am. Compl. ¶ 18; Acct. Statements). Therefore, all of Shaw's statements may be properly considered.

Shaw initiated this action alleging that Service One's late payment and pay-by-phone fees violated the Kentucky Consumer Protection Act ("KCPA") and Truth in Lending Act ("TILA"). (Am. Compl. ¶¶ 26-27, 30, 35-70). Service One moves to dismiss the Complaint. (Def.'s Mot. Dismiss, DN 22; Def.'s Mem. Supp. Mot. Dismiss 10-11, DN 22-1).

## II. DISCUSSION

Article III "[s]tanding has three components: 'The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Ward v. Nat'l Patient Acct. Servs. Sols., Inc.*, 9 F.4th 357, 360 (6th Cir. 2021) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). All three must be established by "clearly alleg[ing] facts demonstrating" their sufficiency, with each being "indispensable part[s] of the plaintiff's case . . . ." *Id.* (internal quotation marks omitted) (quoting *Spokeo*, 578 U.S. at 338; *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). Moreover, "the injury must be (1) particularized and (2) concrete." *Id.* at 361 (citing *Spokeo*, 578 U.S. at 339); *accord Lujan*, 504 U.S. at 560 (explaining an injury must be (a) "concrete and particularized" and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" (citations omitted)). This is not "automatically satisfie[d] . . . whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right," as "alleg[ing] a bare procedural violation, divorced from any concrete harm," is insufficient. *Spokeo*, 578 U.S. at 341 (citations omitted).

Shaw's credit card application contained a disclosure which notified him of a fee "[u]p to $19.75" for late payments. (Am. Compl. ¶¶ 13-14; Am. Compl. Ex. A, at 4-5, DN 17-1). Despite this provision, Shaw claims that Service One charged him $28.95 in late payment fees. (Am. Compl. ¶ 18; *see* Acct. Statements 7, 9, 11). Shaw does not allege that he paid those charges, and his account statements do not show any such payment, given that Service One charged off the

balance. Service One's Vice President of Enterprise Risk Management/Security Officer, Brad Brown, confirms Shaw was charged three late payment fees but that "Shaw never paid any of those fees." (Brown Aff. ¶ 14, DN 22-2). Brown continues:

> To the extent that the outstanding balance owed by Shaw to Service One includes any of the three unpaid Late Payment Fees, Service One will not seek re-imbursement of those fees, and would amend any pleadings in the Warren County lawsuit to reflect that these fees are not being sought for recovery by Service One.

(Brown Aff. ¶ 15).

Therefore, Shaw has no monetary injury from the late payment fees. *Cf. TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021) ("If a defendant has caused physical or monetary injury to the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III."). Shaw has not disputed Service One's ability to file the state action, so he cannot establish an injury from it. *Cf. Bouye v. Bruce*, 61 F.4th 485, 487-90 (6th Cir. 2023) (concluding that a plaintiff had standing for a Fair Debt Collections Practices Act claim after she had to defend against a lawsuit despite the suing entity not having the right to collect). Nevertheless, Shaw argues his claims are not moot by "attempts of offering partial relief." (Pl.'s Resp. Def.'s Mot. Dismiss 9-10, DN 23 [hereinafter Pl.'s Resp.] (citing *Conway v. Portfolio Recovery Assocs., LLC*, 840 F.3d 333 (6th Cir. 2016))).

In *Conway*, the defendant offered the plaintiff a favorable judgment, thereby providing all the relief sought, but the offer was rejected. *Conway*, 840 F.3d at 334. The district court dismissed the action for want of jurisdiction based on the rejected offer, but the Sixth Circuit vacated the dismissal because "an unaccepted offer of settlement or judgment . . . generally does not moot a case, even if the offer would fully satisfy the plaintiff's demands for relief." *Id.* at 335 (citing *Campbell-Ewald Co. v. Gomez*, 557 U.S. 153, 165 (2016)). *Conway* is inapplicable, as Service One is not making an offer for Shaw to receive his requested relief, nor would he be reimbursed

3

for paid fees (since he did not pay any); instead, Service One is removing the supposedly violative fees from a separate action. Thus, Service One is not offering a settlement or judgment.

Shaw further argues that Service One's alleged disclosure violations establish an injury for his TILA claims, quoting *Strubel v. Comenity Bank*, 842 F.3d 181, 190-91 (2d Cir. 2016). (Pl.'s Resp. 11-13). Shaw's use of *Strubel* is untenable after the Supreme Court's opinion in *TransUnion*. As recognized in *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443 (2d Cir. 2022), "the Supreme Court [in *TransUnion*] clarified that a plaintiff has standing . . . following a statutory violation only when he can show a current or past harm beyond the statutory violation itself. In doing so, the Court rejected the standard we articulated in *Strubel* . . . ." *Id.* (internal citations omitted) (citation omitted). Indeed, "the mere risk of future harm, without more," does not establish Article III standing; Shaw must instead demonstrate "that the risk of future harm materialized" or that he was "independently harmed by [his] exposure to the risk itself . . . ." *TransUnion*, 141 S. Ct. at 2211 (discussing *Spokeo*, 578 U.S. at 341-42). Shaw has not alleged an independent harm and, given Service One's removal of the fees, cannot show the risk materialized.

As for the pay-by-phone fee, Shaw alleges that "[t]he $5.00 pay-by-phone fee deterred [him] from making payments to Service One over the phone . . . [and] had there been no fee for making his regular credit card payment by phone, [he] would have used this convenience." (Am. Compl. ¶ 34). Accordingly, Shaw was not charged the pay-by-phone fee. Shaw further concedes this point but claims that his deterrence is sufficient for Article III standing. (Pl.'s Resp. 13 (citing *Edgar v. Coats*, 454 F. Supp. 3d 502, 525 (D. Md. 2020); *Va. Animal Owners All. v. Herring*, 543 F. Supp. 3d 302, 312 (E.D. Va. 2021))). Neither case supports Shaw in this action.

Shaw cites *Edgar* for the proposition that "the injury-in-fact element of Article III standing is commonly satisfied by a sufficient showing of self-censorship, which occurs when a claimant is

4

chilled from exercising his right to free expression," which the court did recount, but it also began by clarifying that this law applies "[*i*]n First Amendment cases . . . ." (Pl.'s Resp. 13); *Edgar*, 454 F. Supp. 3d at 525 (emphasis added) (citation omitted).  Further, Shaw does not explain how *Virginia Animal Owners Alliance* supports his position, as it involves injunctive relief from a state statute which allegedly violated the Eighth and Fourteenth Amendments, and Shaw's citation discusses the injury requirement for injunctions.  *Va. Animal Owners All.*, 543 F. Supp. 3d at 310, 312.  Shaw does not allege any constitutional violation or seek an injunction, so neither case applies.

      To maintain Article III standing, "a plaintiff must demonstrate that he possesses a legally cognizable interest, or 'personal stake,' in the outcome of the action."  *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (internal quotation marks omitted) (citation omitted).  "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot."  *Id.* at 72 (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)).  Despite claims of potential damages or attorney's fees should Shaw prevail, an "interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim."  *Lewis*, 494 U.S. at 480 (citation omitted); (*see* Pl.'s Resp. 9).

      Accordingly, given Service One's removal of the late fees and Shaw's concession regarding the pay-by-phone fee, Shaw cannot demonstrate a concrete and particularized injury to establish Article III standing.  *See Ward*, 9 F.4th at 361; *Lujan*, 504 U.S. at 560; *TransUnion*, 141 S. Ct. at 2211.  Consequently, the Court lacks subject-matter jurisdiction over this action.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 22) is **GRANTED**. Plaintiff's claims are **DISMISSED**. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

April 11, 2023

cc: counsel of record