UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:22-CV-00089-GNS

CHRISTOPHER SHAW                                                            PLAINTIFF

v.

SERVICE ONE CREDIT UNION, INC.                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Vacate Judgment (DN 27). The motion is ripe for adjudication. For the reasons discussed below, the motion is **DENIED.**

**I.**      **BACKGROUND**

Plaintiff Christopher Shaw ("Plaintiff") was approved for a credit card by Defendant Service One Credit Union, Inc. ("Defendant"). (Am. Compl. ¶ 6, DN 17). Plaintiff defaulted on the account and Defendant sued on the account in Warren Circuit Court for $10,873.44, including three separate late fee charges of $28.95, totaling $86.85. (Am. Compl. ¶¶ 10, 12, 18-19). Plaintiff filed this action asserting that these late fees violated the Kentucky Consumer Protection Act ("KCPA") and the Truth in Lending Act ("TILA"). (Compl. ¶¶ 32-53, DN 1). Defendant moved to dismiss and included with its motion an affidavit from its "Vice President of Enterprise Risk Management/Security Officer" stating that Defendant would not seek to collect on any late fees in the state court collections action. (Def.'s Mot. Dismiss, DN 6; Def.'s Mot. Dismiss Ex. A, ¶¶ 1, 15, DN 6-2 [hereinafter Brown Aff.]).

Plaintiff then filed an Amended Complaint containing a new claim for violation of the KCPA based on Defendant's alleged conduct of charging late fees in excess of those contemplated by the credit card agreement. (Am. Compl. ¶¶ 26, 40). Defendant filed a second motion to dismiss, arguing, *inter alia*, that Plaintiff lacked standing to assert his claims. (Def.'s Mem. Supp. Mot.

Dismiss 9-11, DN 22-1). The Court granted the motion and dismissed the action for lack of standing. (Mem. Op. & Order, DN 25). This Rule 59(e) motion followed. (Pl.'s Mot. Vacate, DN 27).

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 59(e) authorizes litigants to move to alter or amend a judgment within 28 days of its issuance. "Amending or altering a final judgment is an 'extraordinary' measure and motions requesting such amendments are 'sparingly granted.'" *Rollins v. Lane*, No. 4:22-CV-P162-JHM, 2023 WL 5154521, at *3 (W.D. Ky. Aug. 10, 2023) (quoting *New London Tobacco Mkt., Inc. v. Ky. Fuel Corp.*, No. 12-91-GFVT, 2016 WL 7971208, at *4 (E.D. Ky. Feb. 9, 2016)). "A motion to alter or amend a judgment will be granted only if there 'is a clear error of law, newly discovered evidence, an intervening change of law, or to prevent manifest injustice.'" *Id.* at *3 (quoting *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). A Rule 59(e) motion is not an avenue for movants to reargue the merits of a claim or to raise arguments that they failed to raise prior to the relevant order. *Id.* (citation omitted).

## III. DISCUSSION

Plaintiff moves to vacate the dismissal of this action and reinstate his claims under Fed. R. Civ. P. 59(e). (Pl.'s Mot. Vacate 1). Plaintiff asserts that the Court made a clear error of law when it found that Plaintiff lacked standing to assert claims in his Amended Complaint based on late fees that allegedly violated the KCPA and TILA.[1] (Pl.'s Mot. Vacate 1). Plaintiff argues that standing should be determined at the time the complaint is filed, and that the Court erred by relying

---

[1] The Amended Complaint also contained claims based on pay-by-phone fees that the Court dismissed for lack of standing. (Am. Compl. ¶¶ 51-52; Mem. Op. & Order 5). Plaintiff does not address these claims in the instant motion and therefore the Court addresses only Plaintiff's claims based on the late fees.

on the affidavit of Defendant's Vice President to find that the late fees no longer caused an injury in fact. (Pl.'s Mot. Vacate 3-8).

To maintain Article III standing, a Plaintiff must have suffered an injury in fact. *Ward v. Nat'l Patient Acct. Servs. Sols., Inc.*, 9 F.4th 357, 360 (6th Cir. 2021) (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). An "injury in fact" is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (footnote omitted) (internal quotation marks omitted) (internal citations omitted) (citations omitted). This requirement is not "automatically satisfie[d] . . . whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right[,]" because "alleg[ing] a bare procedural violation, divorced from any concrete harm," is insufficient. *Spokeo*, 578 U.S. at 341 (citations omitted).

Across his Complaint and Amended Complaint, Plaintiff asserted two categories of claims against Defendant based on the late-fees. The first category contains only a single claim in the Amended Complaint under the KCPA based on Defendant's conduct of charging late fees in excess of those contemplated by the parties' contract. (Am. Compl. ¶¶ 26, 40). The second category is comprised of claims under the KCPA and TILA that Defendant's late fees were unreasonable because they exceeded a five-dollar maximum prescribed by Kentucky law. (Compl. ¶¶ 32-53; Am. Compl. ¶¶ 41-53). Plaintiff asserted this second category of claims in both his original Complaint and the Amended Complaint. (Compl. ¶¶ 32-53; Am. Compl. ¶¶ 41-53).

Plaintiff has not disputed that he never paid these late fees, nor that Defendant had a right to initiate an action in Warren Circuit Court to collect the underlying debt. Therefore, the Court must determine whether it made a clear error of law in finding that Plaintiff lacked standing to

assert his claims after Defendant, by affidavit, stated that it would not attempt to collect any late fees. (Brown Aff. ¶15).

Plaintiff is correct that "[s]tanding is determined at the time the complaint is filed." *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 580 (6th Cir. 2012) (citation omitted). Because Defendant did not file the affidavit disclaiming its intent to seek any late fees until after Plaintiff filed his Complaint, the Court cannot consider the affidavit when determining standing with respect to the claims in the original Complaint.[2] (Compl.; Brown Aff.). The Court need not consider standing with respect to the original Complaint, however, because Plaintiff filed an Amended Complaint after Defendant filed its affidavit to add a claim that Defendant violated the KCPA because the late fees sought exceeded the amount contemplated in the credit card agreement. (Am. Compl. ¶¶ 26, 40). Therefore, the Court was required to determine whether Plaintiff had standing with respect to the claims in the Amended Complaint at the time the Amended Complaint was filed. *Bare v. Cardinal Health, Inc.*, No. 22-5557, 2023 WL 395026, at *2 (6th Cir. Jan. 25, 2023) ("[A] plaintiff's standing must be assessed anew any time he seeks to amend his complaint." (citation omitted)). When Plaintiff filed the Amended Complaint, he had not suffered a monetary injury because he had not paid the late fees, and, in light of Defendant's affidavit, he no longer faced any imminent threat of injury.[3] (Brown Aff. ¶¶ 14-15). Therefore,

---

[2] The claims could still be dismissed as moot even if Plaintiff had standing. *See Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 559 (6th Cir. 2021) ("Standing and mootness, albeit related, are distinct doctrines with separate tests to evaluate their existence at different times of the litigation." (citation omitted)); *compare Ohio Citizen Action*, 671 F.3d at 580 ("Standing is determined at the time the complaint is filed." (citation omitted)), *with McPherson v. Mich. High Sch. Athletic Ass'n*, 119 F.3d 453, 458 (6th Cir. 1997) ("The mootness inquiry must be made at every stage of a case . . . ." (citation omitted)).

[3] Plaintiff may have had a more plausible basis for standing if the underlying state court action involved only the late fees. *See Bouye v. Bruce*, 61 F.4th 485, 490 (6th Cir. 2023) (holding that the plaintiff had standing to pursue the FCPA claims against a creditor because she had to defend against state law claims the creditor had no right to bring). In this case, however, Plaintiff

as of the filing of the Amended Complaint, Plaintiff had suffered no injury and faced no imminent injury and so failed to satisfy the "injury in fact" component of Article III standing. *See Spokeo*, 578 U.S. at 341 (citations omitted).

The Court did not make a clear error of law when it dismissed the Complaint for lack of standing. Accordingly, the present motion is denied.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Vacate (DN 27) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

November 9, 2023

cc: counsel of record

---

acknowledges that he defaulted on the credit card debt and does not argue that Defendant lacked the right to initiate the lawsuit to recover the underlying debt. (Am. Compl. ¶ 10). Therefore, the mere existence of the state court collections action does not confer standing on Plaintiff because even without the allegedly improper late fees, Defendant still had a claim against Plaintiff for the remaining balance due on the account. (Am. Compl. ¶¶ 10, 12).